# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: February 17, 2026

Reissued for Public Availability: March 17, 2026

```
* * * * * * * * * * * * * *    *
KATELYN BROOKS,                *
                               *
            Petitioner,        *        No. 25-2171
                               *
v.                             *        Special Master Young
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
* * * * * * * * * * * * * *    *
```

*Katelyn Brooks*, *pro se*, Katy, TX, for Petitioner.
*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On December 29, 2025, Katelyn Brooks ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program").[2] Pet., ECF No 1. Petitioner alleged injuries, including eye paralysis, resulting from a diphtheria, tetanus, pertussis ("Dtap") vaccine administered on December 21, 2020, and a measles, mumps, and rubella ("MMR") vaccine administered on May 9, 2022. *Id.* at 1. However, according to the petition, Petitioner was born on June 11, 2016, and therefore is under the age of majority to represent herself in this case.[3] Pursuant to the Vaccine Rules, a petition filed by a parent or guardian of a minor on the minor's behalf must be accompanied by documents establishing the authority to file the petition in a representative capacity. *See* Vaccine Rule 2(c)(2)(C). CFCR 17(c) further designates that only a general guardian, committee, conservator, or like fiduciary may sue on behalf of a minor. *See* CFCR 17(c). Further, both of Petitioner's alleged vaccines appear to be outside the statute of limitations for Vaccine Act claims. Section 16(a) of the Vaccine Act provides the time limitations to file claims for vaccine-related injuries or death occurring as a result of the administration of vaccines set forth in the Vaccine Injury Table. Claims for vaccine-related injuries or death relating

---

[1] Pursuant to Vaccine Rule 18(b), this decision was initially filed on February 17, 2026, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this decision is reissued in its original form for posting on the court's website.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Petitioner's petition cites to "Exhibit 1" in reference to Petitioner's birth certificate, however, no birth certificate was filed.

to vaccines administered before October 1, 1988 must have been filed within "28 months after October 1, 1988." § 16(a)(1). Claims for vaccine-related injuries relating to vaccines administered after October 1, 1988 must be filed within 36 months after the "date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury." § 16(a)(2).

Given these issues, on December 31, 2025, I issued an order directing Petitioner to review the nature of her claims, and if the timing was appropriate, to file an amended petition with the proper case caption reflecting that she was pursuing the claim on her daughter's behalf by no later than January 14, 2026. ECF No. 6. On January 14, 2026, Petitioner emailed my law clerk directly seeking clarification as to what she needed to submit in order to continue her claim. *See* Inform. Comm., docketed Jan. 15, 2026. My law clerk explained the time-bar deficiency to Petitioner and informed her if the dates represented in her petition were accurate, the Court would not have jurisdiction over her claim. *Id.* To date, Petitioner has not responded to my law clerk's email and has not filed any further documentation or evidence with the Court pursuant to my order.

Petitioner's petition alleges injuries that arose over three years prior to the filing of her petition and has been filed with an improper case caption. Pet. at 1. Her petition is therefore facially deficient to pursue a claim in the Program, as these claims fall outside the statute of limitations prescribed by the Vaccine Act and fail to adhere to the rules governing petitions on behalf of minors included in the Vaccine Rules. *See* § 16(a)(2); *see also* Vaccine Rule 2(c)(2)(C). Accordingly, I hereby DISMISS Petitioner's claim for a lack of jurisdiction.[4]

**IT IS SO ORDERED.**

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.